IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| TAKTL, LLC, A LIMITED LIABILITY COMPANY; <br><br> Plaintiff, <br><br> vs. <br><br> IWR, NORTH AMERICA, LLC, A LIMITED LIABILTY COMPANY; AND ALLIANCE GLAZING TECHNOLOGIES, INC., A CORPORATION; <br><br> Defendants, | 2:18-CV-01546-DSC |

## **MEMORANDUM ORDER**

AND NOW, this 16th day of December, 2020,

Upon consideration of Plaintiff TAKTL, LLC's ("TAKTL") motion to compel (ECF No. 94), it is HEREBY ORDERED that TAKTL's motion is denied.

Plaintiff served a discovery request upon Defendants IWR North America, LLC ("IWR") and Alliance Glazing Technologies, Inc. ("AGT") seeking "[a]ll Documents and Communications that refer, reflect, or relate to agreements and/or contracts made between IWR and AGT relating to the Project, including, without limitation . . . any agreements regarding any assignment of claims and/or defenses related to the Project." (ECF No. 95 at 1-2).  During the deposition of an IWR representative Eric Youngblood, he testified that IWR and AGT entered into a settlement agreement related to the Project and it contained a cost-sharing provision related to the distribution of recovered proceeds from the Project. (ECF No. 95-1 at 3-4).  According to TAKTL, it is likely that the settlement agreement between the co-defendants contains non-disparagement and indemnification obligations which "have prevented [IWR and AGT] from fully disclosing matters

1

at issue in this dispute." (ECF No. 95 at 3).  TAKTL is willing to stipulate to IWR and AGT producing a redacted version of the settlement agreement which divulges only the parties' names and signatures, date of the agreement, and any indemnification or non-disparagement provisions. *Id*. at 4.

IWR and AGT respond that TAKTL has not met its burden in making a particularized showing as to why the settlement agreement is relevant and likely to lead to the admissibility of discoverable evidence. (ECF No. 96).

In civil actions, Federal Rule of Civil Procedure 26 governs the scope of permissible discovery and permits a party to discover "any nonprivileged matter that is relevant to any party's claim or defense."  While Rule 26 permits liberal discovery, when a non-settling party seeks to discover a settlement agreement, an inherent tension is created between this rule and Federal Rule of Evidence 408 which generally prohibits the use of settlement discussions.  "The mere fact that settling parties have agreed to maintain the confidentiality of their agreement does not automatically serve to shield the agreement from discovery[,]" *Duncan v. Black*, No. 2:15CV1347, 2018 WL 317957, at *2 (W.D. Pa. Jan. 8, 2018), however, a party seeking disclosure must make a particularized showing of relevance or need that the evidence is likely to lead to the discovery of admissible evidence. *Fidelity Fed. Sav. and Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D.Pa.1993); *Doe v. Methacton Sch. Dist.*, 164 F.R.D. 175, 176 (E.D.Pa.1995); *In re Flat Glass Antitrust Litig.*, MDL No.1942, 2013 WL 1703864, at *1 (W.D.Pa. Apr.19, 2013); *Burlington v. News Corp.*, No. CIV.A. 09-1908, 2015 WL 2070063, at *3–5 (E.D. Pa. May 4, 2015).  Federal Rule of Evidence 408 prohibits evidence of settlement agreements to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction. Fed. R. Evid. 408(a).  While the court is permitted to admit such evidence for another purpose,

such a proving a witness's bias or prejudice under Fed. R. Evid. 408(b), "broad assertions about witnesses that might be produced at trial, and the need to impeach them, are not enough." *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at *3 (E.D. Pa. June 26, 2015) (citations and quotation marks omitted). *See also Quinn v. AVCO Corp.*, No. 1:15-CV-01005-RGA, 2018 WL 5292545, at *1 (D. Del. Oct. 25, 2018), *reconsideration denied*, No. 1:15-CV-01005-RGA, 2018 WL 6168178 (D. Del. Nov. 26, 2018) ("Vague generalizations that there is some potential that the Agreement would lead to evidence impugning an undisclosed witness are simply insufficient.").

TAKTL's sole argument is that it is going to call Mr. Youngblood of IWR as a witness at trial and it has "special reason to believe that IWR and AGT are bound by non-disparagement and indemnification obligations that have prevented them from fully disclosing matters at issue in this dispute." (ECF No. 95 at 3). This is not enough to meet the high burden for disclosing such agreements and constitutes a vague generalization that the agreement potentially would lead to evidence that calls Mr. Youngblood's credibility into question. To be sure, TAKTL does not argue that it is entitled to the Agreement as evidence to offset damages nor does TAKTL argue it is relevant to any defense raised by IWR or AGT.

Accordingly, TAKTL's motion to compel (ECF No. 94) is denied.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: all registered counsel via CM-ECF