## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAKTL, LLC** a limited liability company, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | 2:18cv1546 |
| | ) | **Electronic Filing** |
| **IWR, NORTH AMERICA, LLC** | ) | |
| a limited liability company formerly known | ) | |
| as IWR BUILDING SYSTEMS, LLC and | ) | |
| **ALLIANCE GLAZING** | ) | |
| **TECHNOLOGIES, INC.** | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |

### MEMORANDUM ORDER

AND NOW, this 5th day of November, 2024, upon due consideration of plaintiff's

motions for a protective order to preclude the reopening of discovery and the testimony of Brian

O'Shell and the parties' submissions in conjunction therewith, IT IS ORDERED that [236], [249]

the motions be, and the same hereby are, granted. Defendants are precluded from proceeding

with any deposition of Brian O'Shell and/or offering him as a witness in this litigation.

In exercising its discretion and arriving at its decision to exclude defendant's proposed

addition of Brian O'Shell's testimony through the noticing of a "trial deposition," the court has

considered the following factors: "(1) the prejudice or surprise in fact of the party against whom

the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the

extent to which the presentation of the evidence would disrupt the orderly and efficient trial of

the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the

court's order, and (5) the importance of the excluded evidence." LabMD Inc. v. Boback, 47

F.4th 164, 189 (3d Cir. 2022); Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d

894, 905 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d

113 (3d Cir. 1985).  A balancing of these factors supports the protective order precluding defendants from proceeding with the deposition of O'Shell and/or proffering his testimony at trial.

Brian O'Shell is the Chief Financial Officer of Ajay Glass Company.  Neither O'Shell nor Ajay Glass was involved in the construction projects underlying the parties' dispute here.  The parties served initial disclosures five years ago in October of 2019.  Neither O'Shell nor any other individual representative of Ajay Glass was identified as an individual likely to have discoverable information in those disclosures.  Fact discovery was authorized through November 13, 2020.  Defendants did not seek to amend their disclosures or otherwise identify O'Shell as an individual with discoverable information during discovery.  Nor did they seek to do so at any time during the past four years.

On October 18, 2024, defendants first identified O'Shell as their nineteenth "will call" witness on their trial witness list and served a "supplement" to their Rule 26(a)(1)(i) disclosures identifying O'Shell as a witness.  This disclosure was made just 24 days before the commencement of trial and indicated that "O'Shell may have relevant information concerning TAKTL's claims for lost profit damages and parallel plant cost damages."

On October 23, 2024, Defendants then served a subpoena for the "trial deposition" of O'Shell on November 6, 2024.  Trial is set to commence on November 12, 2024.

Defendants note that Ajay Glass filed a lawsuit against plaintiff on October 6, 2017, in the New York Supreme Court, County of Ontario, for damages in excess of $266,852.00.  See Ajay Glass v. TAKTL, 2:18cv151-CB, Doc. No. 1 - Notice of Removal at p. 1.  A notice of removal was filed and on February 2, 2018, the lawsuit was transferred from the Western District of New York to this court.

According to defendants, the lawsuit between TAKTL and Ajay Glass involved the construction of a new athletic facility at Colgate University in Hamlin, New York. The project involved plaintiff supplying "Fiber Cement Panels" for the project. In that lawsuit, Ajay Glass alleged that plaintiff "failed to perform pursuant to the terms of the Purchase order, specifically among other breaches, [plaintiff] failed to timely deliver materials, sorted and in sequence, and delivering defective materials." Ajay Glass and plaintiff settled their dispute in November of 2018. Id. at Doc. No. 39 (Order for Statistical Closing of November 13, 2018).

In this case, defendants questioned Lauren Flannery about the complaint filed by Ajay Glass at her deposition on August 8, 2020. That complaint was verified by O'Shell. Defendants did not seek further development of discovery as it related to O'Shell's potential testimony at that time.

Between September 25, 2024, and October 15, 2024, defendants communicated with an attorney who represented Ajay Glass in its lawsuit against TAKTL and asked if he would facilitate a call between defendants' counsel and a representative of Ajay Glass. That inquiry ultimately led to defendants' communications with O'Shell. Those communications then led to defendants' supplemental disclosure and notice of trial deposition involving O'Shell.

Application of the Pennypack factors warrants the exclusion of O'Shell's proposed testimony. First, the prejudice to plaintiff by the late disclosure and proposed introduction of an entirely new witness and testimony about a separate dispute is readily apparent. As Judge Wolson observed in TreCom Systems Group Inc., v. MJ Freeway, LLC, 2024 WL 4595575 (E.D. Pa. Oct. 25, 2024), "[t]he longer the delay after the scheduling order's deadline, the greater the chance of prejudice, especially when the trial is approaching." Id. at * 2 (comparing Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719–21 (3d Cir. 1997) (finding prejudice

3

when counsel received notice of an expert more than 18 months after the deadline with trial three weeks away), with In re Paoli R.R. Yard P.C.B. Litig., 35 F.3d 717, 792 (3d Cir. 1994) (finding that prejudice was minimal where expert report was only a month late and trial was four months away). The delay here between defendants' generation of information indicating O'Shell had knowledge about a dispute between Ajay Glass and TAKTL pertaining to performance allegations similar to those in the instant lawsuit was one month shy of four years.

The disclosure and service of a subpoena for a trial deposition in the final weeks before trial will give defendants a tactical advantage in procuring and thus presenting the late testimony. Plaintiff will have to redirect its focus on the intense workup that is already underway and "refocus" its litigation resources during the last few days before trial. This can only be viewed as a surprise and the unanticipated disruption of trial preparation at one of the most critical stages of a party's pretrial development. As TAKTL aptly notes, to permit the proposed course of action and development of testimony at this juncture will place "TAKTL in the untenable position of having to pause its trial preparations to attend Mr. O'Shell's deposition, reconfigure its trial strategy, and incur significant expenses in the form of fees and costs arising from the same." And TAKTL will be left to scramble to prepare for any effective cross-examination and develop meaningful rebuttal to the testimony about an entirely different construction project that resulted in a lawsuit and settlement. Such last minute disruptions are highly prejudicial and cannot be justified under the attendant circumstances. Consequently, the first factor weighs strongly in favor of exclusion.

Second, "there's no easy way to cure the prejudice at this late date." TreCom Systems Group, Inc., 2024 WL 4595575 at * 2. Defendants seek to minimize the impact on plaintiff by pointing to the fact that plaintiff was involved in the dispute with Ajay Glass, defendants intend

4

to elicit approximately one hour of trial testimony from O'Shell, and O'Shell's testimony will relate to the issues of plaintiff's ability to meets its contract obligations in this case and recover lost profits on the Chad project. But "[i]nevitably, a [] deposition begets more discovery and more questions." Id. And TAKTL would be forced to refocus its resources and time to develop information about O'Shell that might be used to conduct cross examination as well as to develop appropriate rebuttal to Ajay Glass's assertions, which in all likelihood will thrust the parties and this court into additional Rule 403 disputes about the proper limits for the use of such testimony. And all of this will be at the expense of the time TAKTL has to focus its trial development on the information that has been developed in the case over the past six years. Such prejudice tips the second factor strongly in favor of exclusion.

Third, permitting O'Shell to testify through a trial deposition will only have a modest impact on the two week trial for which the parties and the court have prepared. But again, TAKTL's cross examination and rebuttal will almost assuredly "be more cumbersome and likely more time consuming." Id. at *3. This state of affairs tips the third Pennypack factor at least slightly in favor of exclusion.

Fourth, there is no direct evidence of bad faith on defendants' behalf. That said, they have not advanced any reason why they could not have inquired about a witness from Ajay Glass shortly after taking Lauren Flannery's deposition or moved to reopen discovery during a reasonable time after it closed in November of 2020. After all, the dispute with Ajay Glass had settled in November of 2018. In other words, defendants offer no reason why they could not have undertaken their recent exploration much earlier, when any asserted prejudice could have easily been cured.

Finally, O'Shell's proposed testimony is not central to this case.  Neither Ajay Glass nor O'Shell were involved in the projects at issue.  Defendants characterize O'Shell's proposed testimony as involving 1) TAKTL's performance on the Colgate Project in 2015 and 2016; 2) the manner in which TAKTL supplied its panels on that project; 3) what Ajay Glass did to monitor TAKTL's performance of the Colgate Project; 4) TAKTL's use of operating two plants as an explanation for its alleged deficiencies; 5) the size of the Colgate Project and its similarity to the instant project and the Chad Project; 6) the fact that TAKTL was not fully paid for the Colgate Project; and 6) that TAKTL used the same project manager for the Colgate Project and the Jewish Barnes Hospital Project, Jeremy Smith, who purportedly was "overwhelmed."

It appears that defendants seek to introduce such evidence to "rebut[] many of TAKTL's speculative damage claims," such as its claimed lost profits from the Chad Project, by showing TAKTL could not perform smaller projects in the United States during the relevant time period. And that the problems defendants highlight with TAKTL's performance "were not unique" in part because Smith was inexperienced and overwhelmed at the time.  But the attempt to interject such common behavior or pattern evidence into the case at this late date through evidence about a completely separate construction project raises serious evidentiary issues that cannot be addressed under the existing Trial Management Order.  And TAKTL cannot be expected to prepare and meet such issues in the last few days before trial when, as the parties have recognized, the current record presents at least eighty-six issues of fact and forty-one issues of law to be resolved through trial.  See Pretrial Stipulation (Doc. No. 146) at p. 13-26.

As TAKTL has aptly noted, "prejudice is inherent when deadlines are disregarded in complex case with extensive discovery."  TAKTL's Brief in Support of Motion for Protective Order (Doc. No. 250) at p. 6 (quoting Aotex, Inc. v. Cephalon, Inc., 2015 WL 12645745, at *2

(E.D. Pa. May 26, 2015). The court's scheduling orders implementing the Federal Rules of Civil Procedure are designed to permit information to be gathered through the discovery process in a manner that permits equal access to the information and then for that process to end so that each party may engage in effective use of the gathered information and bring the dispute to an orderly conclusion. The time for fact gathering and the development of the information to be used in this trial came to an end long ago. The reopening of that process during the week before a trial is unwarranted and prejudicial. Consequently, the court has issued the above order granting plaintiff's motions to preclude the reopening of fact discovery and to preclude the testimony of Brian O'Shell.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Brian P. Maloney, Esquire
       Chad Allen Wissinger, Esquire
       Christian Jay Myers, Esquire
       Julie A. Mueller, Esquire
       Jayme L. Butcher, Esquire
       Wellford H. Winstead, Esquire
       Brandon A. Levey, Esquire
       David Jacobson, Esquire
       Mark A. Packman, Esquire
       Michael Rush, Esquire
       Shawna J. English, Esquire

       (*Via CM/ECF Electronic Mail*)

7