IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAKTL, LLC** a limited liability company, )<br>)<br>Plaintiff/Counterclaim Defendant, )<br>)<br>v. )<br>)<br>**IWR, NORTH AMERICA, LLC** )<br>a limited liability company formerly known )<br>as IWR BUILDING SYSTEMS, LLC and )<br>**ALLIANCE GLAZING** )<br>**TECHNOLOGIES, INC.** )<br>)<br>Defendants/Counterclaim Plaintiffs. ) | 2:18cv1546<br>**Electronic Filing** |

## MEMORANDUM ORDER

AND NOW, this 11th day of November, 2024, upon due consideration of plaintiff's motion to preclude inconsistent statements by defendants and the parties' submissions in conjunction therewith, IT IS ORDERED that [246] the motion be, and the same hereby is, denied.

"The doctrine of judicial estoppel serves a consistently clear and undisputed jurisprudential purpose: to protect the integrity of the courts." McNemar v. Disney Store, Inc., 91 F.3d 610, 616 (3d Cir. 1996). It is part of the court's inherent power to impose sanctions in the matters before it and is to be exercised with caution. Klein v. Stahl GMBH & Co., 185 F.3d 98, 110 (3d Cir. 1999); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 1991 ("Because of their very potency, inherent powers must be exercised with restraint and discretion."). And "the doctrine should only be applied to avoid a miscarriage of justice." Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 319 (3d Cir. 2003) (citing Montrose Medical Group Participating Savings Plan v. Bulger, 243 F.3d 773 (3rd Cir. 2001) (Becker, J.).

Three requirements must be satisfied before a court properly can apply judicial estoppel. "First, the party to be estopped must have taken two positions that are irreconcilably inconsistent." Montrose Medical, 243 F.3d at 779 (citing Ryan Operations G.P. v. Santiam–Midwest Lumber Co., 81 F.3d 355, 361 (3d Cir. 1996). Second, that party must have "changed his or her position 'in bad faith—i.e., with intent to play fast and loose with the court.'" Id. Finally, application of the sanction must be "tailored to address the harm identified" and it must be clear that "no lesser sanction would adequately remedy the damage done by the litigant's misconduct." Id. (quoting Klein, 185 F.3d at 108).

Plaintiff has failed to establish these requirements. In seeking to satisfy the first requirement, plaintiff maintains that defendants' allegations in the litigation they commenced against Wheaton & Sprague Engineering, Inc. ("Wheaton"), over the "delays, errors and omissions" resulting from the deficiencies in the architect drawings it produced for the construction project at issue here are inconsistent with defendants' allegations and positions in the instant litigation. More specifically, plaintiff notes that defendants maintained in the Wheaton litigation that Wheaton's shop drawings were inadequate and contained incorrect dimensions which required TAKTL to remake certain panels. This caused significant delays in defendants' work and in turn resulted in defendants incurring substantial additional costs and expenses. Now that defendants have settled their lawsuit against Wheaton, plaintiff maintains that defendants have advanced the exact opposite position on the quality/adequacy of the architectural drawings in their current claims and seek to recover from plaintiff the same damages and expenses that they sought to recover from Wheaton. In other words, defendants have taken diametrically opposed claims – that Wheaton caused all of their damages on the one

hand, and that TAKTL caused all of their damages on the other - and these inconsistent positions supply an adequate basis for applying judicial estoppel.

Plaintiff's position that defendants' "separate litigation positions" satisfies the first element for judicial estoppel is unavailing. As defendants note, the thrust of their claims in the Wheaton litigation involved allegations pertaining to the shop drawings Wheaton supplied for the scope of the work to be performed by AGT (the curtain-wall components) and Wheaton's supply of the fabrication tickets generated from those shop drawings as well as the resulting deficiencies producing delay early in the project. In contrast, the central dispute in this litigation involves the shop drawings Wheaton supplied and from which TAKTL created its own fabrication tickets for the scope of the work IWR had to perform (the non-curtain-wall components), and the deficiencies and delays in the later stages of the project. Thus, while the lawsuits did share some overlap, they were not aimed at recovering on an identical set of deficiencies and resulting delays and losses.

Moreover, the fact that defendants had reason to maintain that plaintiff was responsible for and contributed to some of the deficiencies and resulting delays during the progression of the project was not kept a secret in the Wheaton litigation. Two of the witnesses plaintiff draws upon in seeking to establish its assertion of inconsistent positions, Mr. Staley of IWR and Mr. Filipiak of AGT, both acknowledged that defendants understood plaintiff to be one of the sources of delays on the project. In deposition in the Wheaton litigation, Mr. Staley identified plaintiff as "one of the primary sources of IWR's damages as claimed in the mechanic's lien action" and indicated it was a source of multiple delays. He further acknowledged that AGT had several claims against plaintiff based on several "issues that TAKTL had in performing its obligations against its purchase orders with AGT." Similarly, Mr. Filipiak acknowledged that

plaintiff was another participant that "had caused some issues," which included late deliveries and "product issues with their production with regards to tolerances and that." And he did not hide the fact that IWR had its own concerns about the panels being supplied by TAKTL.

The potential overlap of the deficiencies in the drawings and asserted delays and resulting damages between the claims advanced in the Wheaton litigation and those in this case fall short of demonstrating that defendants have taken irreconcilably inconsistent positions. In the Wheaton litigation, defendants did not shield their recognition that they had reason to believe TAKTL had contributed to the delays and damages on the project. And while plaintiff will no doubt seek to point to facts that supported defendants' claims against Wheaton and contend those facts undermine the counterclaims made here, the two lawsuits are not based on positions that are irreconcilably inconsistent. Cf. Ocasio v. Ollson, 596 F. Supp.2d 890, 901-3 (E.D. Pa. 2009) (alleging common injuries in two separate proceedings does not in itself provide a basis for finding inconsistent positions where it is clear that the party might well have additional injuries or claims that were not presented in one of the proceedings).

"Second, judicial estoppel is unwarranted unless the party changed his or her position 'in bad faith—i.e., with intent to play fast and loose with the court.'" Krystal Cadillac-Oldsmobile, 337 F.3d at 319 (quoting Montrose Medical, 243 F.3d at 781). Indeed, "[i]nconsistencies are not sanctionable unless a litigant has taken one or both positions 'in bad faith—i.e., with intent to play fast and loose with the court.'" Montrose Medical, 243 F.3d at 781 (quoting Ryan Operations, 81 F.3d at 361).

The existence of inconsistent positions is insufficient to establish bad faith. Id. (citing Klein v. Stahl GMBH & Co. Maschinefabrik, 185 F.3d 98, 111 (3d Cir. 1999)). "[I]ndeed, a litigant has not acted in 'bad faith' for judicial estoppel purposes unless two requirements are met.

First, he or she must have behaved in a manner that is somehow culpable." Id. (citing Ryan Operations, 81 F.3d at 362 (judicial estoppel may not be employed unless "'intentional self contradiction is . . . used as a means of obtaining *unfair advantage*.'") (emphasis in original) (quoting Scarano v. Central R. Co. of N.J., 203 F.2d 510, 513 (3d Cir. 1953) ("An inconsistent argument sufficient to invoke judicial estoppel must be attributable to intentional wrongdoing.") and In re Chambers Dev. Co. Inc., 148 F.3d 214, 229 (3d Cir. 1998) (same)).

Second, the culpable conduct must involve or be directed at the court. This is because "judicial estoppel is concerned with the relationship between litigants and the legal system, and not with the way that adversaries treat each other." Montrose Medical, 243 F.3d at 781 (citing Ryan Operations, 81 F.3d at 360 ("Judicial estoppel 'is intended to protect the courts rather than the litigants.'") (quoting Fleck v. KDI Sylvan Pools, Inc., 981 F.2d 107, 121–22 (3d Cir. 1992))) and Delgrosso v. Spang & Co., 903 F.2d 234, 241 (3d Cir. 1990) (same). "Accordingly, judicial estoppel may not be employed unless a litigant's culpable conduct has assaulted the dignity or authority of the court." Id.

Plaintiff has failed to establish any basis for a finding of bad faith. There is no evidence of culpable conduct on behalf of either defendant. Nor is there any evidence that either defendant engaged in conduct that has assaulted the dignity or authority of the court. Consequently, plaintiff's attempt to invoke the protections of the doctrine fail at the second element as well.

Finally, plaintiff's efforts fall short because it cannot demonstrate that any aspect of their conduct was accepted by the court in the Wheaton litigation. Plaintiff argues that "[i]n the Third Circuit, it is not necessary that a 'party must have benefitted from her prior position in order to be judicially estopped from subsequently asserting an inconsistent one.'" Plaintiff's Brief in Support

5

(Doc. No. 247) at p. 5 (quoting Ryan Operations, 81 F.3d at 361). While this statement reflected the law at the time Ryan Operations was decided, subsequent precedent has recognized that more is now required before judicial estoppel applies.

The record must demonstrate that "a litigant's culpable conduct has assaulted the dignity or authority of the court," Montrose Medical, 243 F.3d at 781, and estoppel is the least severe sanction that can address the harm from that assault. G-I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 262 (3d Cir. 2009). In Montrose Medical, the court considered the impact of Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1999), on its prior precedent addressing whether mere inconsistent positions could support judicial estoppel where the first tribunal had not accepted or relied on the party's initial position. Montrose Medical, 243 F.3d at 783-84. Following the teachings of Cleveland, the Montrose Medical panel held that "a change of position simply cannot evidence bad faith vis-a-vis a court unless the initial statement was accepted or adopted." Id. at 784.[1] And it is now widely accepted that in the Third Circuit "judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." G-I Holdings, 586 F.3d at 262 (quoting United States v. Pelullo, 399 F.3d 197, 222–23 (3d Cir. 2005) (quoting New Hampshire v. Maine, 532 U.S. 742, 750–51 (2001)); and citing Dam Things from Denmark v. Russ Berrie & Co., Inc., 290 F.3d 548, 559 n. 16 (3d Cir. 2002) and Montrose Medical, 243 F.3d at 778).

Plaintiff has failed to advance any showing that defendants took inconsistent positions that reflect an intent to play fast and loose with the courts. And because the Wheaton litigation was settled without extensive court proceedings, plaintiff cannot demonstrate that defendants

---

[1] Requiring such a showing "is consistent with Ryan Operations's admonition that 'benefit may be relevant insofar as it evidences an intent to play fast and loose with the courts.'" Montrose Medical, 243 F.3d at 784 (quoting Ryan Operation, 81 F.3d at 361).

convinced the court to adopt their position or award relief based on it. Thus, there is no foundation to support a finding that defendants' positions and conduct in the Wheaton litigation as compared to this case has assaulted the dignity or authority of the court.

    Plaintiff has failed to establish any of the elements needed to support its request for judicial estoppel. Consequently, its motion to exclude inconsistent statements is without merit and will be denied.

                                                                  s/David Stewart Cercone
                                                                   David Stewart Cercone
                                                                   Senior United States District Judge

cc:     Brian P. Maloney, Esquire
        Chad Allen Wissinger, Esquire
        Christian Jay Myers, Esquire
        Julie A. Mueller, Esquire
        Jayme L. Butcher, Esquire
        Wellford H. Winstead, Esquire
        Brandon A. Levey, Esquire
        David Jacobson, Esquire
        Mark A. Packman, Esquire
        Michael Rush, Esquire
        Shawna J. English, Esquire

        (*Via CM/ECF Electronic Mail*)